# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

John Erar,

      Plaintiff,

v.

City of Andover, a Minnesota municipal
corporation, and Don Jacobson, Mike Knight
and Julie Trude, individuals,

      Defendants.

**RULING ON DEFENDANTS'
MOTION TO QUASH
SUBPOENAS**

Court File No. 04-3742 HDV/RAW

---

The above resisted motion [78] is before the Court following hearing. It was the subject of an interim order entered March 31, 2005.

On March 30, 2005 plaintiff served subpoenas duces tecum on five communications companies seeking production of the telephone records for the individual defendants over a twelve-month period. The time fixed for compliance with the subpoenas was April 1, 2005, though in an accompanying deposition notice plaintiff stated that in lieu of appearance on April 1, 2005 the phone companies could produce the documents on or before April 7, 2005 so long as they stated their intention to do so. Plaintiff mailed copies of the subpoenas to defense counsel on March 30. Defendants received notice on March 31, 2005 and promptly filed an emergency motion to quash. The Court held a hearing on that motion the same date and entered an interim order suspending compliance with the subpoenas. The Court also suggested a resolution of the issue.

Defendants move to quash because they were not provided "prior notice" of the subpoenas as required by Fed. R. Civ. P. 45(b)(1), the return date on the subpoenas was outside the discovery period which ended April 1, 2005, and the subpoenas lack discovery relevancy.

The Court will take the last two issues first. The subpoenas were served at the eleventh hour

and the lack of notice and short time for compliance undoubtedly had to do with the pendency of the April 1, 2005 discovery deadline. Though nominally the time for compliance was on the discovery deadline, the alternative option to produce the phone records by April 7 was afterward. The Court declines to quash the subpoena on this ground because at the hearing on the emergency motion to quash the Court said that while it would sort out the motion later, the Court would consider the subpoenas to be timely.

Defendants assert that the phone records lack evidential relevancy. Plaintiff has alleged violations of Minnesota's Open Meeting Law. He wants the telephone records to ascertain specific dates and times on which the defendants spoke with each other and to test the credibility of defendants' testimony about communications, or the lack thereof, between them. Even if ultimately not admissible, documentation of communications between the defendants (and between the defendants and the city attorney) is relevant to plaintiff's claims and in the Court's judgment is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Court agrees with defendants that simply turning over all of the phone records to plaintiff's counsel would be overly intrusive to the defendants personally and as municipal legislators. This can be avoided, however, by the resolution suggested in the Court's March 31 order whereby the requested phone records would be produced first to counsel for defendants, who would review the phone records and redact all telephone calls except those involving the relevant telephone numbers. The Court agrees with defendants, however, that the scope of the production should be limited to the months of September and November 2003 and January through April inclusive of 2004.

Clearly, plaintiff did not comply with the prior notice requirement. The rule requires service of prior notice, thus the statement of plaintiff's counsel at a hearing on March 30, 2005 that he intended to obtain the telephone records and earlier interrogatories requesting information about telephone numbers did not suffice. The rule does not specify the kind of prior notice required, but it must mean notice prior to service of the subpoena or otherwise the purpose of the provision to afford other parties an opportunity to object would be ill-served. See Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000); Murphy v. Bd. of Educ., 196 F.R.D. 220, 222-23 (W.D.N.Y. 2000); Biocore Medical Tech., Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D. Kan. 1998); 1991 Advisory Committee Note to Subdivision (b).[1] Moreover, "[f]or an objection to be reasonably possible, notice must be given well in advance of the production date." Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 664 (D. Kan. 2004). Mailing notice of the subpoenas to defense counsel on March 30, 2005 coincident with the service of the subpoenas on the communications companies did not comply with the prior notice provision.

As a result of plaintiff's failing to provide prior notice, defendants were required to scramble to put together, file and arrange a hearing on their emergency motion in order to protect the legitimate interest of the defendants in the privacy of their telephone records.

Though failure to comply with the prior notice may be a ground for quashing a subpoena, see Firefighters Institute for Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001), Rule 45 itself is silent on the subject. Here, though put to unnecessary expense, defendants were able to protect themselves from the overintrusiveness of the

---

[1] Schweizer and Murphy say notice should be given before issuance of a subpoena, but the Court is inclined to believe service is the more significant event for notice purposes. See 9 Moore's Federal Practice § 45.03[4][b][iii] at 45-27 (3d ed. 2004).

subpoenas. The Court naturally prefers a resolution which will allow access to relevant information. In the circumstances, the Court will conditionally deny the motion to quash. It is denied on condition that plaintiff prior to production of the redacted telephone records for the months noted above pay to defendants the reasonable cost of their attorney fees incurred in connection with the proceedings on defendants' emergency motion and request for an interim order, not to exceed $750.

The Court will not require plaintiff to pay the cost of redacting telephone records as requested by defendants. The cost of removing confidential information from records otherwise subject to discovery should ordinarily be borne by the party asserting confidentiality.

The motion to quash is conditionally **denied** as stated above. The telephone records shall first be produced to defendants who may redact all phone numbers other than the relevant phone numbers identified in plaintiff's opposition memorandum at 2. The calls may include telephone calls placed to the city attorney. The redactions shall be made promptly and the redacted records provided to counsel for plaintiff.

IT IS SO ORDERED.

Dated this 18th day of May, 2005.

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE
(By assignment and order pursuant to
28 U.S.C. § 636(f))